**Opinion filed June 15, 2023**



In The

# Eleventh Court of Appeals

_____

## No. 11-23-00107-CR

_____

## RICKY VARGAS, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 350th District Court**
**Taylor County, Texas**
**Trial Court Cause No. 11753-D**

## M E M O R A N D U M   O P I N I O N

Ricky Vargas has filed an untimely pro se notice of appeal from his judgment of conviction for the offense of continuous sexual abuse of a child. We dismiss the appeal.

The documents on file in this appeal indicate that Appellant's sentence was imposed on October 7, 2016, and that his notice of appeal was filed in the district clerk's office on May 9, 2023 and received by the clerk of this court on May 11,

2023. When the appeal was filed in this court, we notified Appellant by letter that the notice of appeal appeared to be untimely and that the appeal may be dismissed for want of jurisdiction. We also notified Appellant that the trial court had certified that this is a plea-bargain case in which Appellant has no right of appeal. *See* TEX. R. APP. P. 25.2(a)(2), (d); *see also* TEX. CODE CRIM. PROC. ANN. art 44.02 (West 2018). We requested that Appellant respond to our letter and show grounds to continue. In response, Appellant filed a motion for an out-of-time appeal.

Pursuant to the Texas Rules of Appellate Procedure, a notice of appeal is due to be filed either (1) within thirty days after the date that sentence is imposed in open court or (2) if the defendant timely files a motion for new trial, within ninety days after the date that sentence is imposed in open court. TEX. R. APP. P. 26.2(a). A notice of appeal must be in writing and filed with the clerk of the trial court. TEX. R. APP. P. 25.2(c)(1). The documents on file in this court reflect that Appellant's notice of appeal was filed 2,405 days after his sentence was imposed. The notice of appeal was therefore untimely.

Absent a timely filed notice of appeal or the granting of a timely motion for extension of time, we do not have jurisdiction to entertain this appeal. *Slaton v. State*, 981 S.W.2d 208, 210 (Tex. Crim. App. 1998); *Olivo v. State*, 918 S.W.2d 519, 522–23 (Tex. Crim. App. 1996); *Rodarte v. State*, 860 S.W.2d 108, 110 (Tex. Crim. App. 1993). Moreover, the trial court's certification reflects that this is a plea-bargain case and that Appellant has no right of appeal. Thus, even if Appellant had timely perfected an appeal, this appeal would have been prohibited by Rule 25.2 of the Texas Rules of Appellate Procedure, which provides that an appellate court must dismiss an appeal without further action when there is no certification showing that the defendant has the right of appeal. TEX. R. APP. P. 25.2(d); *Chavez v. State*, 183 S.W.3d 675, 680 (Tex. Crim. App. 2006); *see Dears v. State*, 154 S.W.3d 610, 613–14 (Tex. Crim. App. 2005).

Vargas requests that we grant him an out-of-time appeal. However, we are not authorized to grant a request for an out-of-time appeal. The Texas Court of Criminal Appeals is the only court with jurisdiction to consider a motion for an out-of-time appeal. *See Ater v. Eighth Ct. of Appeals*, 802 S.W.2d 241, 243 (Tex. Crim. App. 1991) (orig. proceeding).

It appears that the substance of the relief sought by Vargas is postconviction relief from a final felony conviction—relief for which the habeas corpus procedure set out in Article 11.07 of the Code of Criminal Procedure provides the exclusive remedy. *See* CRIM. PROC. art. 11.07. Article 11.07 vests complete jurisdiction for such relief in the Texas Court of Criminal Appeals. *Id.* art. 11.07 §§ 3, 5; *Bd. of Pardons & Paroles ex rel. Keene v. Court of Appeals for Eighth Dist.*, 910 S.W.2d 481, 484 (Tex. Crim. App. 1995); *Hoang v. State*, 872 S.W.2d 694, 697 (Tex. Crim. App. 1993). The appropriate vehicle for Appellant to seek an out-of-time appeal is for him to pursue a writ of habeas corpus from the Texas Court of Criminal Appeals pursuant to Article 11.07.

Accordingly, we dismiss this appeal for want of jurisdiction.


W. BRUCE WILLIAMS

JUSTICE


June 15, 2023

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Bailey, C.J.,
Trotter, J., and Williams, J.